IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EDWARD R. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11cv552 (LMB/JFA) |
| | ) |
| STEPHEN O. SIMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

The plaintiff pro se Edwards Myers ("Myers" or "plaintiff") filed this action against Loudoun County Sheriff Stephen O. Simpson ("Simpson"), Deputy James Spurlock ("Spurlock"), and Loudoun County Sheriff's Office employee Audra Vogel ("Vogel"), individually and in their official capacities (collectively, "defendants"). In an Order dated December 9, 2011, the defendants' second Motion to Dismiss was granted as to the plaintiff's claims pursuant to 42 U.S.C. § 1983, 20 U.S.C. § 1681 et seq., 42 U.S.C. § 3789d(c), and 31 U.S.C. § 3729 et seq. See Dkt. 26. The Court held in abeyance the plaintiff's request for nullification of a trespass notice (hereinafter, "notice") that he had received and ordered the parties to brief the issue further. Since that time, the plaintiff has filed a Motion to Reconsider Order to Dismiss ("Motion to Reconsider")[Dkt. No. 28], in which he seeks reconsideration of the Court's dismissal of his claims and responds to the defendants' timely-filed arguments as to the notice. As grounds for his Motion to Reconsider, the plaintiff contends that the Court erred by not discussing Craig v. Boran, 429 U.S. 190 (1976), which the

plaintiff relies on to argue that "a single crime statistic" is an insufficient basis for disparate treatment. See Dkt. No. 28 at 1. The plaintiff also argues that the Court failed to consider the "key fact that some of the [Loudoun County Sheriff's Office ("LCSO")] women-only classes provided personal safety training instead of rape awareness." Id. The parties have filed their respective opposition and reply, and the Court finds that oral argument will not aid the decisional process.

## I.   DISCUSSION

### A. Trespass Notice

The plaintiff claims that the notice at issue in this case is overbroad because it prevents him from attending any Loudoun County public meetings held at the Northern Virginia Criminal Justice Training Academy ("NVCJTA"), and he asks the Court to nullify the notice. See Compl. ¶ 15; Dkt. No. 22 at 6. Signed by the NVCJTA's deputy director on April 26, 2011 and attached to the original complaint, the notice informs the plaintiff that his "presence on or in" the NVCJTA, located at 45299 Research Place in Ashburn, "will not be tolerated and that [he is] to refrain from entering therein or thereon for any reason whatsoever." See Compl., Ex. C.[1] Yet, the defendants now represent for the record that the NVCJTA's executive director has rescinded the notice. See Dkt. No. 31 at 1-2. Because this notice has been rescinded, the defendants correctly argue that the issue is now moot. See Mellen

---

[1] Myers' amended complaint does not re-state the factual allegations from the original complaint or re-attach the exhibits; therefore, the Court cites to both pleadings.

v. Bunting, 327 F.3d 355, 363 (4th Cir. 2003) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The requirement that a case have an actual, ongoing controversy extends throughout the pendency of the action.")(citations and internal quotation marks omitted). Accordingly, the remaining claim for injunctive relief as to the notice will be dismissed.

### B. Motion to Reconsider

The plaintiff also seeks reconsideration of the Court's dismissal of his discrimination claims. As the defendants correctly note, the plaintiff filed the motion before final judgment was entered in this civil action, making the motion technically premature; however, because the plaintiff is pro se and the defendant will not be prejudiced, the motion will be resolved. A motion to reconsider is usually brought under either Fed. R. Civ. P. 59 or 60.[2] Motions to alter or amend final judgments pursuant to Fed. R. Civ. P. 59(e) may be granted if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)(citations

---

[2] The defendants state that the plaintiff is time-barred under Rule 59(e) because he filed the motion more than twenty-eight days after the Court entered its Order dismissing the claims in question. See Dkt. No. 31 at 2. In taking this position, however, the defendants incorrectly state that the Order was issued on December 6, 2011, when in fact it was signed and entered on December 9, 2011 [Dkt. No. 26], which makes the plaintiff's January 6, 2012 filing timely.

3

omitted). The power to grant or deny a motion under Rule 59(e) is discretionary, and "[i]n general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted); see also Robinson v. Wix Filtration Corp., 599 F.3d 403, 411 (4th Cir. 2010).

A motion for relief from judgment under Fed. R. Civ. P. 60(b) may be granted for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Additionally, a movant under Rule 60(b) must "demonstrate the existence of a meritorious claim or defense" to the action. Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). Because the plaintiff does not specify under which rule he seeks reconsideration, the Court has considered his motion under both rules.

As an initial matter, a motion to reconsider is "not authorized when it is nothing more than a request for the district court to change its mind." Lee X v. Casey, 771 F. Supp. 725, 728 (E.D. Va. 1991)(citing United States v. Williams, 674 F.2d

310, 313 (4th Cir. 1982)) (discussing Rule 60(b)); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (internal quotation marks omitted). In his Motion to Reconsider, the plaintiff first argues that under Craig v. Boren, 429 U.S. 190 (1976), which is precedent the plaintiff did not cite in his prior filings but of which the Court is well aware, the rape victimization statistics previously cited by the parties are insufficient to support the finding that the LCSO classes satisfy intermediate scrutiny. See Dkt. No. 28 at 3-4. The plaintiff incorrectly implies that Craig prescribed a formula for determining whether a particular piece of evidence "establishe[s] that [a] gender-based distinction [is] substantially related to achievement of that goal." 429 U.S. at 199.

In Craig, a state statute that set a higher age limit for men with respect to the purchase of alcohol was held unconstitutional after the Court found that the "variety of statistical surveys" introduced by the parties clearly failed to show that "maleness . . . serve[s] as a proxy for drinking and driving . . . ." Id. at 201-02. Craig simply does not point to a conclusion different than the one reached in this case by this Court, nor does Craig conflict with the Supreme Court precedent cited in the Memorandum

Opinion [Dkt. No. 25]. The Craig decision is in accord with the line of cases, such as United States v. Virginia, 518 U.S. 515 (1996), and Nguyen v. INS, 533 U.S. 53 (2001), holding that the "heightened review standard our precedent establishes does not make sex a proscribed classification"; rather, "[s]ex classifications may be used to compensate women" for particular disabilities they have suffered and to promote equal opportunity and development. 518 U.S. at 533-34; see also Miss. Univ. for Women v. Hogan, 458 U.S. 718, 728 (1982) ("[A] gender-based classification favoring one sex can be justified if it intentionally and directly assists members of the sex that is disproportionately burdened.").

In further support of his Motion to Reconsider, the plaintiff argues that one of the LCSO classes, offered in November 2010, was not focused on sexual assault and rape prevention and that this fact invalidates the Court's prior reasoning. See Dkt. No. 28 at 1-2. The original complaint contains only a one-paragraph reference to this class, describing it as "Personal Safety for Women (Women Only, Informational Class)" and noting that it was "held in a public room of the police station." See Compl. ¶ 10. The plaintiff did not mention the class in his amended complaint. What is more, the plaintiff never discussed it in his opposition to the motion to dismiss nor did he dispute the defendants' argument that the LCSO classes were focused on sexual assault and

rape prevention. See Dkt. No. 22 at 2-5. Instead, he initially only challenged the defendants' statistics and their policy decision to devote special police resources to rape prevention. Even had the plaintiff properly advanced the arguments he now raises in his Motion to Reconsider, one class that focuses on women's safety more broadly, rather than focusing solely on awareness of sexual assault threats, does not warrant reconsideration of the Court's decision. By the plaintiff's allegations, the defendants had offered thirty-seven women-only self-defense courses directed at sexual assault awareness and rape prevention; that they may have also given a female-only class focusing on broader self-defense issues does not alter the conclusion that no violation of the Fourteenth Amendment's Equal Protection Clause has occurred.

Finally, in his reply brief, the plaintiff points to the January 6, 2012 announcement by the Department of Justice that the Federal Bureau of Investigation's ("FBI") definition of rape would be expanded to include more forms of sexual violence. Among the announced changes, the FBI will now include within its rape statistics the rape of men, which most states, including Virginia, already statutorily recognize. The FBI announcement does, indeed, qualify as new information not previously available to the plaintiff through the exercise of due diligence. The new fact has therefore been reviewed and considered, yet the FBI's modernization of how it maintains statistics for rape offenses

does not alter this Court's analysis with respect to the constitutionality of the LCSO's classes or the qualified immunity to which the defendants are entitled.

## II. CONCLUSION

The plaintiff has not provided grounds meriting revision to the Court's prior ruling under either Rule 59(e) or 60(b). Specifically, except where previously noted, he has failed to point to an intervening change in controlling law, new evidence not previously available through diligence, clear error of law, or a manifest injustice. See, e.g., Robinson, 599 F.3d at 411; Pacific Ins. Co., 148 F.3d at 403. Likewise, the plaintiff has not implicated any of the bases for reconsideration under Rule 60(b). Additionally, the trespass notice is no longer a live controversy following the rescission of the notice by the NVCJTA, which rendered the issue moot. For these reasons, the defendants' Motion to Dismiss will be granted in full, and the Motion to Reconsider will be denied by an Order to be issued with this Memorandum Opinion.

Entered this 31st day of January, 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge